Harry Aidner, Appellee, v. Morris Cobin, also known as Morris Cabin et al., Appellants.

Gen. No. 34,288.

Matchett, P. J., dissenting.

Heard in the first division of this court for the first district at the April term, 1930. Opinion filed June 30, 1930.

William Jaffe, for appellants.

G. A. Buresh and Rudolph Shapira, for appellee.

Mr. Justice O'Connor delivered the opinion of the court.

On January 20, 1930, plaintiff had judgment by confession entered against the defendants on a promissory note. Seven days thereafter the defendants filed their verified petition and moved the court to vacate the judgment and give them leave to defend the case on its merits. The motion was overruled and the defendants prosecute this appeal.

The record discloses that the note on which the judgment was confessed is for $400, dated October 7, 1929, due three months after date. It is made by the defendants and is payable to the order of Sam Stern, who indorsed the note and apparently delivered it to

the plaintiff, Aidner. The petition on which the motion to vacate the judgment was predicated set up that after the note by its terms became due, Sam Stern, the payee, made several demands on the defendants for payment, and afterwards turned over the note to the plaintiff for the sole purpose of cutting off defendants' defenses, and that plaintiff was not a bona fide holder in due course.

It is further alleged in the petition that on October 8, 1929, defendant Morris Cabin, the principal maker of the note, bought a grocery store, including the stock of goods, leasehold interest and good will, from Sam Stern, the payee of the note, the purchase price being $1,500; that Cabin paid $1,100 cash and executed the $400 note in suit for the balance of the purchase price; that the fair, reasonable value of the fixtures and groceries was $500, and that Cabin paid $1,000 for the leasehold covering the premises in question and the good will of the business; that the lease, which had approximately three years to run, was assigned by Sam Stern to Cabin and the assignment consented to by the owner of the premises; that while negotiations were pending between Stern and Cabin for the purchase and sale of the grocery business, the City of Chicago brought proceedings against Stern to prevent him from conducting the grocery store because the block of the street in which the store was located was zoned for residences and apartments only, and under the ordinances of the City of Chicago a grocery business could not be conducted in the premises in question; that Stern knew of these facts but did not disclose them to Cabin; that on account of the zoning ordinance prohibiting the use of the premises for business purposes, the good will and the leasehold were worthless; and the petition concluded that on account of the foregoing facts the note in question was without consideration.

As the record stands before us, the allegations of the petition are admitted to be true, and it therefore being admitted that it was contrary to the ordinance of the City of Chicago to conduct the grocery store in the premises in question, it would be a fraud on the defendants to require them to pay the note in suit when the owner of the premises knew that suits had been brought against him prior to the alleged sale to oust him and to prevent the conducting of a grocery store in the premises. Courts ought not to allow themselves to be vehicles of fraud in any circumstances. According to the petition, the stock of groceries and the fixtures in the premises were not worth more than $500 and it is specifically alleged that the defendants paid $1,000 for the good will and leasehold interest and that $1,100 was paid in cash; so that plaintiff has been paid twice as much as his stock and fixtures are worth. In these circumstances we think the court should have opened up the judgment and heard the case on its merits.

The order for the municipal court of Chicago is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*

MATCHETT, P. J., dissents.

McSURELY, J., concurs.